JOHN ELLIS (No. 59328)
Jellis@ellislegal.com
ELLIS LEGAL P.C.
200 West Madison Street, Suite 2670
Chicago, Illinois 60606
Telephone: 312.967.7629

Attorneys for Defendants
PAR-A-DICE GAMING CORPORATION
BOYD GAMING CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY ESTEP, CHAY SHEAR, KENNETH MCMILLION, AMY QUOTSKYVA, and ANDREW WAMSLEY, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>        Plaintiffs,<br><br>    v.<br><br>PAR-A-DICE GAMING CORPORATION d/b/a PAR-A-DICE CASINO and BOYD GAMING CORPORATION,<br><br>        Defendants. | Case No.   1:19-cv-1409-JES-JEH<br><br>**DEFENDANTS PAR-A-DICE GAMING CORPORATION AND BOYD GAMING CORPORATION'S AMENDED NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1446(d)]**<br><br>[Tazewell County Tenth Circuit Court Case No. 2019-L-000096] |

1

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF ILLINOIS:

PLEASE TAKE NOTICE that Defendants Par-A-Dice Gaming Corporation d/b/a Par-A-Dice Hotel Casino ("Par-A-Dice") and Boyd Gaming Corporation ("Boyd") hereby remove this action from the Circuit Court for the Tenth Judicial Circuit of Illinois, County of Tazewell to the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

**Procedural History and Timeliness of Removal**

1. On November 12, 2019, Plaintiffs Larry Estep, Chay Shear, Kenneth McMillion, Amy Quotskyva and Andrew Wamsley, purportedly on behalf of themselves and all others similarly situated, filed a civil action in the Tenth Circuit Court of Illinois, Tazewell County entitled *Larry Estep et al. v. Par-A-Dice Gaming Corporation d/b/a Par-A-Dice Casino and Boyd Gaming Corporation*, Case No. 2019-L-000096. (Ex. 1, Declaration of John Ellis in Support of Defendants' Amended Notice of Removal ("Ellis Decl.") ¶ 2, Ex. A.)

2. On November 19, 2019, Plaintiffs served the complaint upon Par-A-Dice by personal service. (*Id.* ¶ 3, Ex. B.) Defendants timely filed a Notice of Removal (the "Notice") on December 19, 2019. *See* 28 U.S.C. § 1446(b) (removal is timely if filed within 30 days of defendant's receipt of the pleading). On December 20, 2019, the Court issued an order granting Defendants leave to file an amended notice of removal within 14 days to supplement their allegations regarding Plaintiffs' citizenship for purposes of the minimum diversity analysis.

**Basis for Removal Jurisdiction**

3. <u>Generally</u>. The action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), for at least the following reasons:

4. <u>Covered Class Action</u>. Plaintiffs purport to bring a class action on behalf of "[a]ll individuals who entered the Par-A-Dice casino between November 12, 2014 and the present, including: [1] Par-A-Dice patrons whose photo identification was recorded by Defendants; [2] Par-A-Dice patrons who Defendants asked to look into a camera when entering the Casino; and

[3] Par-A-Dice patrons who are members of Defendants' B Connected program (the "Class")." (Compl. ¶ 50.) Plaintiffs allege that the Class "includes thousands of people". (*Id.* ¶ 51.) This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a), (b).

5. <u>Diversity</u>. The minimal diversity standard of the CAFA is met as long as any defendant is a citizen of a state different from any member of the putative class of plaintiffs. 28 U.S.C. § 1332(d)(2)(A). As of the date the complaint was filed in the Tenth Circuit Court of Illinois, Tazewell County, and as of the date of this removal, Boyd is a Nevada corporation with its principal place of business in Nevada. (Ex. 2, Declaration of Cori Rutherford in Support of Defendants' Amended Notice of Removal ("Rutherford Decl.") ¶ 6; *see* Compl. ¶ 20.) Plaintiffs allege that they are all residents of Illinois. (Compl. ¶¶ 13–17.)

6. The Par-A-Dice property is located in East Peoria, Illinois. (Ex. 2, Rutherford Decl. ¶ 3; *see* Compl. ¶ 19.) Plaintiffs allege that they are "regular patrons" of Par-A-Dice, that they have visited the casino "numerous times over the past five years", and that they are all members of Defendants' B Connected program. (Compl. ¶¶ 18, 33.) B Connected is a voluntary program that offers benefits and rewards to enrolled patrons for various activities at Defendants' casinos. (Ex. 2, Rutherford Decl. ¶ 3.)

7. Regarding Plaintiff Estep, Defendants' records indicate that Mr. Estep is a B Connected member associated with the Par-A-Dice property located in Illinois, and that he provided Par-A-Dice with his address in Peoria, Illinois. (Ex. 2, Rutherford Decl. ¶ 5.) A search of publicly available records indicates that Mr. Estep has an Illinois driver's license and owns property in Peoria, Illinois. (Ellis Decl. ¶ 5, Ex. D.) Accordingly, as Plaintiffs (or, in the alternative, at least Mr. Estep) are citizens of Illinois, this action satisfies the diversity requirements of the CAFA. 28 U.S.C. § 1332(d)(2)(A). *See Midwest Transit, Inc. v. Hicks*, 79 F. App'x 205, 208 (7th Cir. 2003) (holding that factors relevant to the determination of domicile

include "current residence", "location of personal and real property", "membership in unions and other associations" and "driver's license and automobile registration").

8. <u>Amount in Controversy – Alleged Damages</u>. This Court has original jurisdiction over a class action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id*. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy requirement is met. *Id.* § 1332(d)(6).

9. Plaintiffs allege that Defendants violated Illinois's Biometric Information Privacy Act ("BIPA"). (Compl. ¶ 1.) *See* 740 Ill. Comp. Stat. § 14/1 *et seq*. The complaint alleges two causes of action for these violations. (Compl. ¶¶ 58–75.)

10. Plaintiffs allege that they are "regular patrons" of Defendants' Par-A-Dice casino (the "Casino") and are members of Defendants' rewards program, "B Connected", which "purports to offer promotional benefits and rewards to patrons as they gamble at casinos owned by one or more of the Defendants." (*Id*. ¶¶ 18, 25, 33.) Plaintiffs further allege that Defendants have captured images of them through surveillance cameras in the Casino and have used facial recognition technology to extract and retain data relating to their faces, such as facial geometry information. (*Id*. ¶¶ 28–30, 36, 42–46). Plaintiffs further allege that Defendants requested and retained Plaintiffs' photo identification when Plaintiffs enrolled in the B Connected program. (*Id*. ¶¶ 34–35.) According to the complaint, Defendants conducted these activities without adhering to BIPA's requirements. (*Id*. ¶¶ 39–40, 47–49.)

11. Defendants dispute that they are liable to Plaintiffs or to the putative class. A plain reading of the complaint, however, demonstrates that the amount in controversy exceeds $5,000,000 for purposes of removal. The complaint alleges penalties of $1,000 for each negligent violation of BIPA, $5,000 for each intentional or reckless violation of BIPA (*see* 740 Ill. Comp. Stat. § 14/20), injunctive relief, and attorney's fees. (Compl. "Prayer for Relief" ¶¶ B–D.)

12. As demonstrated by the attached Declaration of Cori Rutherford, between November 1, 2014 and December 4, 2019, over 66,000 patrons enrolled in Defendants' B Connected program at Par-A-Dice. (Ex. 2, Rutherford Decl. ¶ 4.) Under Plaintiffs' theory that $1,000 or $5,000 should be awarded to each of these putative class members, the amount in

4

DEFENDANTS' AMENDED NOTICE OF REMOVAL

1  controversy for the claims of those class members who enrolled in the B Connected program
2  alone (*see* Compl. ¶ 50) exceeds $5,000,000.

3      13.    <u>Matter in Controversy – Attorney's Fees</u>.  Plaintiffs also seek an award of
4  attorney's fees.  (*Id.* "Prayer for Relief" ¶ D.)  This amount should be included in determining the
5  amount in controversy.  *See Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 845 (7th
6  Cir. 2014).

7      14.    <u>No CAFA Exclusions</u>.  Plaintiffs have not met their burden to show that this action
8  falls within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d).  *See Hart v.*
9  *FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006).

### Notice to State Court

11      15.    A copy of this Notice of Removal was filed with the Clerk of the Tenth Circuit
12  Court of Illinois, Tazewell County.  (*See* Ex. 1, Ellis Decl. ¶ 4, Ex. C, attaching without exhibits
13  the state court removal notice.)

### Intradistrict Assignment

15      16.    Assignment of this action to the Peoria Division of the United States District Court
16  for the Central District of Illinois is appropriate because this action was originally filed in the
17  Tenth Circuit Court of Illinois, Tazewell County.

18      Accordingly, Defendants respectfully submit that this action is removed properly pursuant
19  to the Class Action Fairness Act.

Dated:   January 3, 2020        JOHN ELLIS
                                ELLIS LEGAL P.C.


                                By:  *John C. Ellis*
                                     ──────────────────────
                                     John Ellis

                                Attorneys for Defendants
                                PAR-A-DICE GAMING CORPORATION
                                BOYD GAMING CORPORATION

5

DEFENDANTS' AMENDED NOTICE OF REMOVAL